HELEN K. BROPHY, Respondent, *v.* JOSEPH LAROCQUE and Others, Individually and as Copartners Doing Business under the Firm Name of CHOATE, LAROCQUE & MITCHELL, Appellants, Impleaded with JOHN WIGHT AUSTIN, Individually and as Such Copartner, Defendant.

First Department, April 9, 1937.

*John W. Davis* of counsel [*Ralph M. Carson* and *John M. Polk* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the appellants.

*Earl J. Garey* of counsel [*Eugene L. Garey* and *Wm. Francis Corson* with him on the brief; *Garey & Garey*, attorneys], for the respondent.

UNTERMYER, J. The plaintiff, by motion under rule 113 of the Rules of Civil Practice has recovered judgment against the defendants for money had and received. The motion for summary judgment, first denied by the Special Term, was granted upon the plaintiff's motion for reargument. Thereupon the defendants made a further motion for reargument upon affidavits setting forth additional facts, which was denied upon the ground that the court might not receive evidence of new facts upon such a motion. We need not, however, decide whether these additional facts should have been considered by the Special Term, for in our opinion the opposing affidavits originally submitted in opposition to the motion for summary judgment required that it be denied as to all the defendants except John W. Austin, who did not oppose the motion nor appeal.

At the time of the transactions stated in the complaint the defendants, including John W. Austin, were members of the law firm of Choate, Larocque & Mitchell. The action is to recover sums of money which the plaintiff claims to have loaned in February and March, 1936, upon promissory notes of the firm, executed by Austin without the knowledge or authority of any of his partners. These sums were paid by checks drawn to the order of the firm or indorsed to its order and deposited in the firm's bank account. Upon Austin's instructions to the bookkeeper the proceeds were placed to his individual credit on the books of the firm and were later withdrawn by Austin by checks signed by him in the name of the firm. When Austin's fraudulent conduct was discovered he resigned from the firm and subsequently from the bar. The present action is upon the notes of the firm executed by Austin and also upon the theory of money had and received by it. The judgment, however, is based only upon the cause of action for money had and received, for it appears to be recognized that without express authority Austin had no power to bind the partnership, formed for the practice of the law, to the payment of these promissory notes.

Throughout the negotiations which resulted in these transactions the plaintiff was represented by her husband, also a member of the bar. The plaintiff alleges that it was her purpose to make loans

to the firm; that for that purpose checks were drawn to its order and the proceeds deposited in the firm account. She contends, therefore, that the liability of the firm to repay these sums is not affected by the illegal ·withdrawal of the funds by Austin from· the partnership account and their use by him.

The defendants' affidavits, however, tend to establish a very different situation. The defendants assert that it was the plaintiff's purpose that the funds, though intended for deposit in the firm account, should be used for Austin's individual benefit, and that consequently the transactions, in effect, involved personal loans to him. It is alleged that Austin received these payments from the plaintiff for the purpose of increasing his individual account with the firm, so that he would be entitled, as he pretended, to a greater interest in its profits, which he agreed to share with the plaintiff. It was shown that in an earlier transaction, not referred to in the complaint, the plaintiff, also through her husband, had made a similar payment to Austin, which was subsequently repaid by him with an additional sum which he represented to be a share of the profits resulting from this contribution to the firm's capital account. If, as the defendants assert, it was the agreement that the plaintiff's checks, though payable to the order of the firm, should be used for Austin's individual benefit by establishing a credit in his favor, then the plaintiff cannot recover from the appellants for money had and received merely because the proceeds were deposited in the partnership account and withdrawn by Austin without advantage to any other member of the firm. (*Timpson* v. *Allen*, 149 N. Y. 513; *Dounce* v. *Parsons*, 45 id. 180; *Fay* v. *Slaughter*, 194 Ill. 157; 62 N. E. 592.)

The judgment and orders should be reversed, with costs, and the motion for partial summary judgment denied.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Orders and judgment unanimously reversed, with costs, and the motion for partial summary judgment denied.